[No. 1649. Decided May 11, 1895.]

In the Matter of the Application of SUMNER F. LOCKWOOD, *Treasurer, Respondent,* v. FRANK ALLYN, *Objector, Appellant.*

DISMISSAL OF APPEAL — VOID TAX JUDGMENT.

Laws 1893, p. 372, § 106, providing for the deposit of sufficient money to pay the judgment and costs upon appeal from a judgment for the sale of lands for taxes, does not apply where the assessment was absolutely void.

*Appeal from Superior Court, Pacific County.*

*Hoxie, Bogle & Richardson, Richard K. Boney,* and *F. Campbell,* for appellant.

*Marion D. Egbert (Lowen E. Ginn,* of counsel), for respondent.

The opinion of the court was delivered by

DUNBAR, J.—It was stipulated that if the motion to dismiss in this case should be overruled, the case should follow the disposition of case No. 1648, *Sumner F. Lockwood,* treasurer, respondent, *v. L. W. Roys,* objector, appellant. We think, as this was an action under the statute, that there is no merit in the motion, and the judgment will therefore be reversed for the reasons given in the opinion just rendered in the above mentioned case.

HOYT, C. J., and SCOTT, J., concur.

GORDON, J., concurs in the result.

ON PETITION FOR REHEARING.

DUNBAR, J.—The respondent in this case, in his petition for rehearing, complains that the court did not pass upon the questions raised in his motion to

dismiss the appeal; that the motion to dismiss was based upon the provisions of § 106 of the revenue law of 1893, for failure on the part of the appellant to comply with the law which provides that no appeal shall be allowed from any judgment for the sale of lands or lots for taxes, nor shall any writ of error to reverse such judgment operate as a supersedeas unless the party bringing such appeal or desiring such a writ of error shall, before taking such appeal or suing out such writ of error, deposit with the county treasurer an amount of money equal to the amount of the judgment and costs.

We think the strictures of counsel for respondent, upon the opinion which was filed on the motion, are somewhat justified. What the court should have said, and what it will now say, is that we found in the case of *Sumner F. Lockwood,* treasurer, respondent, *v. L. W. Roys,* objector, appellant, *ante,* p. 697, that the assessment was absolutely void. It was stipulated that if the motion to dismiss in this case should be overruled the case should follow the disposition of the Roys case, and inasmuch as the assessment was void all proceedings thereafter were void, and the statute cited by the respondent would not apply.

HOYT, C. J., and ANDERS, SCOTT and GORDON, JJ., concur.