[No. 2601. Decided September 11, 1897.]

LYMAN E. KNAPP, *Respondent*, v. KING COUNTY *et al.*, *Appellants.*

TAXATION — EXCESSIVE ASSESSMENT — REMEDY.

Under the revenue act of 1893, an assessment of real estate for taxation, made arbitrarily and without regard to the actual, true and fair value thereof, is illegal; and no more than the just and proportionate amount of the taxes due thereon can be recovered in an action to enforce collection, even if such taxes have been equalized by a board of equalization. (*Olympia Water Works v. Thurston County*, 14 Wash. 268, distinguished.)

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge. Affirmed.

*James F. McElroy*, and *John B. Hart*, for appellants. *Knapp & Foote*, for respondent.

The opinion of the court was delivered by

GORDON, J.—This action was brought to restrain the appellant Beman, as auditor, and appellant Maple, as treasurer, of King county from registering and collecting the taxes assessed during the years 1893 and 1894 against certain lots belonging to respondent located in the town site of Huron, on the ground that the assessments were arbitrarily made without any regard for the actual, true and fair value of the property, and greatly in excess of such value, etc.

The property was assessed for the year 1893 at twenty dollars per lot and for 1894 at ten dollars per lot, and the complaint alleges that its true value at the time when the assessments were respectively made was not to exceed two dollars per lot for full sized lots and one dollar each for fractional lots, and the plaintiff tendered and brought into court the amount claimed by him to be the just and proportionate amount of his taxes upon such property for said years.

The answer denied the material allegations of the complaint and affirmatively alleged that the taxes for the year 1893 had been equalized by the board of county commissioners, and that no person ever made application for a reduction of the taxes assessed against the property in question for that year; that the board also equalized the taxes assessed for the year 1894 and rejected a petition to reduce the valuation of ten dollars a lot as fixed by the assessor. The lower court found the value of the lots " was

not to exceed two dollars per lot for the full sized lots and one dollar per lot for the fractional lots; that the said assessment and valuation of the said lots for each of said years was excessive, unequal, unjust and illegal, and was made arbitrarily and without regard for the actual, true and fair value thereof in money;" and by its decree granted the relief prayed for. From this decree the county has appealed.

While there was some conflict in the testimony adduced at the trial below upon the question of value, we think the findings of the court are sustained by the great weight of the evidence, and apppellants' exceptions thereto cannot be sustained. It is urged, however, that, the assessments made by the assessor having been equalized by the board, the action of the board as to the valuation upon the property is final in the absence of fraud, and it is suggested that this position is sustained by the decision of this court in *Olympia Water Works v. Thurston County*, 14 Wash. 268 (44 Pac. 267). There are, perhaps, some expressions to be found in the opinion in that case which justify this contention, but the language there used must be considered with relation to the facts then under consideration, and, when so considered, it becomes at once apparent that neither the reasoning of the opinion nor the conclusion there reached is applicable to the present case, because the assessment which was the bone of contention in that case was upon personal property, and the case itself did not involve any assessment of real property. Under the statutes of this state no provision is made for reviewing the action of the assessor or board of equalization in so far as such action pertains to the assessment of personal property, and it is probable that in the absence of fraud or malice the action of the board of equalization is final as to such property. But in regard to the assessment of taxes upon real estate the statute has made express provision for contest-

ing " the substantial justice of the tax itself," when appli-
cation is made by the treasurer of the county in which
such real property is situated for judgment against such
lands for the taxes assessed. (Session Laws 1893, p. 370,
§§ 104-106.)

· The question has been squarely passed upon by this court
in *Whatcom County v. Fairhaven Land Co.*, 7 Wash. 101
(34 Pac. 563); *Benn v. Chehalis County*, 11 Wash. 134
(39 Pac. 365); *Lockwood v. Roys*, 11 Wash. 697 (40 Pac.
346).

In *Whatcom County v. Fairhaven Land Co.*, *supra*, after
stating the issues, the court expressly said that it would
" decide it as merely one of palpably excessive over valu-
ation" and it was there held that

"An arbitrary assessment of property without the exer-
cise of the assessor's judgment, based upon knowledge or
information, is an illegal assessment, and is a fraud upon
the property owner."

Upon the authority of the foregoing cases the facts found
by the trial court entitled respondent to the decree which
is appealed from, and it is affirmed.          ·

Scott, C. J., and Dunbar and Reavis, JJ., concur.