[No. 4146.   Decided March 24, 1902.]

JOHN F. MILLER *et al., Appellants,* v. PIERCE COUNTY
*et al., Respondents.*

QUIETING TITLE — CLOUD CREATED BY FRAUDULENT OVERVALUATION
    FOR TAXATION — SUFFICIENCY OF COMPLAINT.

In an action to remove a cloud upon plaintiff's land by reason
of the excessive valuation thereof for taxes and to compel the
county to accept the amount of taxes that would be due upon
a true valuation, the complaint is proof against demurrer when
it alleges that the assessors knowingly, purposely and fraudulent-
ly placed values upon said land during the five years preceding
the commencement of the action at from five to six times its
true valuation, and that land of like kind and quality in the
same vicinity was assessed at less than one-half like values.

SAME — NECESSITY OF TENDER OF TAXES.

A tender of the full amount of taxes due is unnecessary
where the taxpayer has taken the initiative to test the legality
of the assessment by means of an action to quiet title, and is
not seeking to enjoin the government from attempting to collect
its taxes.

SAME — CONDITIONS PRECEDENT TO ACTION — ATTENDANCE BEFORE
    BOARD OF EQUALIZATION.

The fact that the owner of land had failed to appear before
the board of equalization and object to an excessive and arbitrary
valuation placed on the land by the assessor would not bar an
action to secure a reduction of the taxes assessed against him,
since the action of the legislature in dropping from the revenue
law of 1890 the provision of Code 1881, § 2879, which prohibits
further recourse in law to the person who fails to seek a correc-
tion of his assessment before the board of equalization, and the
failure of subsequent legislatures to re-enact such provision,
show a legislative intent to dispense with that requirement of
§ 2879.

Appeal from Superior Court, Pierce County.—Hon.
WILLIAM H. SNELL, Judge.   Reversed.

*J. W. A. Nichols* and *John C. Stallcup,* for appellants.
*Fremont Campbell,* for respondents.

The opinion of the court was delivered by

Dunbar, J.—This is an appeal from the judgment of the superior court for Pierce county, given upon the demurrer of defendants to the complaint of the plaintiffs; the action being to remove a cloud from title created by an overvaluation made by the assessor of Pierce county on the lands of the plaintiffs within said county. The complaint shows that said real estate premises were valued for taxation for the year 1896 at the sum of $6,750, for the year 1897 at the sum of $5,075, for the year 1898 at the sum of $5,075, for the year 1899 at the sum of $6,-075, and for the year 1900 at the sum of $980, and that the taxes remain unpaid thereon for each of said years. It is alleged that the premises are not now, and never were, worth more than $900, which would have been a fair and legal valuation for taxation for each of said years; that the defendant county has, by virtue of a levy made upon said excessive valuation, charged against said premises for the taxes levied for the year 1896 the sum of $225.39, for the year 1897 the sum of $160.51, for the year 1898 the sum of $137.21, for the year 1899 the sum of $121.79, and for the year 1900 the sum of $47.38, and asserts a lien against the said premises for the same as legal and valid. They allege that on the 11th day of June, 1901, before the commencement of this action, they tendered to the treasurer of said county the sum of $200 in payment of the taxes for all of said years, which was refused, and they hold themselves ready, and the said amount in readiness for acceptance, and further allege that they now stand ready, able, and willing to pay the just and legal amount of taxes to which their said property was and is liable. The fifteenth allegation of the complaint is as follows:

"That the said assessed valuations fixed by said assessors of said county of Pierce were fixed arbitrarily, without reference to the true value, and as part of an unlawful scheme and plan on the part of the taxing officers to over-assess large portions of the property of the county in order to raise the debt limit of the county for the purpose of enabling the officers of said county to increase the indebtedness of the county by issuing bonds and warrants and other evidences of indebtedness against said county far in excess of the true and full limit of indebtedness as fixed by the laws and constitution of the state. And in furtherance of said unlawful purpose, and by means of said overvaluation, said county officers did create indebtedness against said county as aforesaid in excess of the legal limitations thereof, and thereby unlawfully increased the tax burden of these plaintiffs. That said assessors and taxing officers, wrongfully and unlawfully discriminating against plaintiffs' said property, at the same time of overassessing same during each and all of said years knowingly and purposely listed, assessed, and valued for taxation other large quantities of the taxable property of the said city and county at amounts greatly below its true value, and such unjust discrimination was made in favor of other property in the vicinity of plaintiffs, and of like kind and character, whereby and by reason of said unjust discrimination the burden of taxation was made to rest unequally and with unjust and disproportionate weight upon the property of these plaintiffs. That at the time said valuations were placed upon said property by the assessors for the purpose of taxation, the assessors did not view the said land, but their deputies did view the same, and did disclose to said assessors that the same was of little or no value; that the same was gravelly and not good land; and the said assessors knowingly, purposely, and fraudulently placed the said values upon said land for taxation at from five to six times, and more, of its true valuation, for fraudulent purposes, at the same time placing values upon other lands of like kind and character and quality in the same vicinity for taxation at much less than one-half like values. That the said assess-

ors refused to accept the estimate of value ascertained and stated by the said deputies who viewed the said premises, the same being much less in amount than that fixed upon the same by the said assessors. That such arbitrary action on the part of such assessors was resorted to for the purpose of supplementing the loss in taxation which would otherwise result by their unjust discrimination and favoritism practiced by said assessors in the valuation for taxation of the property of the Northern Pacific Railway Company and the St. Paul & Tacoma Lumber Company, in said county, which valuations of the property of said corporations for taxation during all said years were and have been and are at much less than one-third of their true value, a detail list of which property is now in the hands of said defendants. That said discrimination was made by each and every of the assessors for each and every of said years, and for the purpose of shielding the taxable property of said corporations from their proper share of taxation, and likewise to impose upon plaintiffs' said property more than its just proportion of taxes. And that the same continued until the year 1900, when the said property was valued for taxation in the sum of $880 for the land and $100 for the improvements, making a total of $980. That such valuation, while being at least $100 above the true value, was nevertheless probably an honest effort to fix a reasonable and legal valuation for taxation upon the said premises. That during all the said years prior thereto the said land and the improvements thereon were of the same kind and character and of no different or greater value than they were at the time they were valued for taxation for the year 1900."

Allegation 16 is to the effect that no steps have been taken toward foreclosing said claims of liens against said property; that the plaintiffs have been unable to pay and discharge the just and legal amount of taxes which have been levied against said property; that the treasurer has been without right or authority to accept the same, except by decree and order of this court to that effect; and that

this action is brought to make it possible for plaintiffs to pay the just and legal amount of taxes which should have been assessed and levied against said property, and possible for the defendant treasurer to receive the same. Paragraph 17 alleges that the aggregate amount of taxes so wrongfully assessed and charged upon their said property for said years exceeds in amount the entire value of the same, and constitutes such a cloud upon the title thereto as to destroy the value of ownership. Plaintiffs therefore pray that the defendants be required to accept the sum to be fixed upon the true valuation of said land as taxes thereof for said years, towit, upon a valuation of $900 for said premises, and for a cancellation of all liens and certificates upon the payment of such sum, together with interest thereon at 6 per cent. per annum.

We think, under the former rulings of this court, that the court erred in sustaining the demurrer to the complaint; for, certainly, if the allegations of the complaint are true, the assessor perpetrated a fraud upon the taxpayers. This case falls within the principles announced by this court in *Whatcom County v. Fairhaven Land Co.,* 7 Wash. 101 (34 Pac. 563); *Benn v. Chehalis County,* 11 Wash. 134 (39 Pac. 365); *In re Lockwood's Application,* 11 Wash. 704 (40 Pac. 348); and *Knapp v. King County,* 17 Wash. 567 (50 Pac. 480). It is contended by the respondents that the complaint shows on its face that a proper tender of the taxes admitted to be due was not made, and that it was a vain thing to make a tender to the treasurer, when the appellants knew that under the law the treasurer could not accept the same. But it seems to us that this was not the fault of the appellants. They made all the tender that they could make under the circumstances without tendering the whole amount, which is the very subject of this controversy. Some cases are

cited from the supreme court of the United States to the effect that, when the proper officer refuses to receive the tax which is conceded to be due, it must be tendered, and tendered without the condition annexed of a receipt in full for all taxes assessed. · But an examination of these cases shows that this rule was laid down in cases where the action was one to enjoin the government from the collection of the taxes, and the reason given is that the machinery of government should not be stopped, where it was undertaking to collect its taxes, without an unconditional tender of the amount of taxes which were due. But the reason for the rule does not apply in a case of this kind, where the government is not attempting to collect its taxes, but where the taxpayer has taken the initiative to contest the legality of the assessment.

The next contention of the respondents is that the appellants were guilty of laches in not bringing their suit before. But we are not able to say that there is any authority of law which would deprive the appellants of the right to bring this action within the time in which it was brought.

It is also earnestly contended by the respondents that the complaint is bad for the reason that it does not appear that the appellants submitted their case to the board of equalization before bringing this action, and very earnest and capable argument is made by the prosecuting attorney on this subject. But that question was determined by this court in the case of *Whatcom County v. Fairhaven Land Co., supra,* in which it was squarely held that such action on the part of the taxpayer was not necessary. In that case it was pointed out that into the old revenue law in the Code of 1881, as amended in 1886, the following section was incorporated, viz.:

"Sec. 2879. During the session of the board for the equalization of taxes and the correction of the assessment roll, any person or his attorney or agent may attend and apply for the correction of any alleged error in the listing and valuation of his property, and a failure to so attend and apply shall bar said person from further recourse in law, as to the valuation, but not as to error in description or to double assessment."

It was there held that, inasmuch as said provision of the law had been dropped from the revenue law of 1890, and had not since been re-enacted, there was no authority to compel the taxpayer to appear before the board of equalization, as a prerequisite to litigating his rights in relation to the alleged illegal assessments. Inasmuch as many sessions of the legislature have convened since the publication of that opinion, and no amendment to the law in that particular has been made, we must conclude that it is not the legislative will to compel the taxpayer to meet the requirements of the law of 1881; and, under the circumstances, we would not be justified in reading into the law as it exists a provision which by legislative will has been dropped therefrom.

The judgment will be reversed, and the cause remanded, with instructions to overrule the demurrer to the complaint.

REAVIS, C. J., and MOUNT, FULLERTON, and HADLEY, JJ., concur.

ANDERS and WHITE, JJ., concur in the result.