[No. 4970.   Decided February 23, 1905.]

JOHN P. HENDERSON, *Respondent,* v. PIERCE COUNTY
*et al., Appellants.*[1]

TAXATION—EXCESSIVE LEVY—POWER OF COURTS TO REDUCE.
Where it appears that the plaintiff's property was not only as-
sessed at a gross overvaluation many times its value, but higher
proportionally than other property, the trial court properly set
the assessment aside as excessive, and reduced the amount to a
just sum.

Appeal from a judgment of the superior court for Pierce
county, Huston, J., entered May 26, 1903, upon findings
in favor of the plaintiff after a trial on the merits before
the court without a jury, reducing an assessment for taxes.
Affirmed.

*F. Campbell,* for appellants.

*John C. Stallcup,* for respondent.

PER CURIAM.—The respondent brought this action to
cancel, and have held for naught, certain taxes, levied and
assessed against his property by the county of Pierce, which
he alleges are fraudulent and void, because based upon
valuation grossly in excess of the actual value of the prop-
erty and in excess of the valuations of property
of like kind owned by other persons, and situated in
that county.   The complaint sets out in great detail the
facts constituting the claimed discriminations and over-
valuations, and is conceded to be sufficient under the rule
announced by this court in the cases of *Templeton v. Pierce
County,* 25 Wash. 377, 65 Pac. 553, and *Miller v. Pierce
County,* 28 Wash. 110, 68 Pac. 358.   Issue was taken on
the allegations of the complaint, and a trial had, which re-
sulted in a judgment, cancelling the taxes levied on pay-

[1]Reported in 79 Pac. 617.

ment of a sum determined by the court to be a just and legal amount to be paid as taxes on the property. The county appeals and assigns as error that the evidence is insufficient to sustain the judgment.

In *Templeton v. Pierce County, supra,* we held that it was no ground for relief against excessive valuation of property that the assessor had merely overvalued the property, if it appeared that his action was not arbitrary or capricious, and the property had been assessed in the same proportion as other like property within the jurisdiction of the assessing officer, and we held in that case that the evidence did not show any cause for declaring the assessment illegal. The appellant invokes the principle here, but we think the evidence much stronger in this case than in the one cited. The evidence here shows not only a gross overvaluation of the respondent's property, but it shows a gross overvaluation, we think, when compared with other property of like kind within the assessor's jurisdiction. Of course, slight or even considerable differences in valuations are not sufficient, when honestly made, to authorize the court to set aside an assessment. Where, however, the assessment is many times the actual value of the land, and is higher proportionally than other property, a condition does arise when the courts are authorized to do so. *Whatcom County v. Fairhaven Land Co.,* 7 Wash. 101, 34 Pac. 563; *Benn v. Chehalis County,* 11 Wash. 134, 39 Pac. 365; *Lockwood v. Roys,* 11 Wash. 697, 40 Pac. 346; *Knapp v. King County,* 17 Wash. 567, 50 Pac. 480.

The judgment appealed from will stand affirmed.