[No. 5949. Decided March 23, 1906.]

## G. E. DICKSON, *Trustee, Respondent,* v. THE COUNTY OF KITTITAS, *Appellant.*[1]

TAXATION—EXCESSIVE LEVY—POWER OF COURTS TO REDUCE. Where
it appears that property was assessed at over $20,000 one year,
and $8,000 for subsequent years, which was about its market value,
and that like property on the opposite corner of the street was
assessed much lower than the property in question, the assessment
is properly set aside and reduced to $8,000.

Appeal from a judgment of the superior court for Kitti-
tas county, Rigg, J., entered May 15, 1905, upon findings in
favor of the plaintiff, after a trial on the merits, reducing an
assessment for taxation.    Affirmed.

*Austin Mires* and *Pruyn & Slemmons,* for appellant.

*Eugene E. Wager,* for respondent.

MOUNT, C. J.—Respondent brought this action to vacate an
assessment of certain described real estate in Kittitas county,
and to cancel the taxes levied against the property for the
years 1899, 1900 and 1901, upon the alleged ground that the
assessing officers knowingly, arbitrarily and fraudulently as-
sessed the said property for said years largely in excess of
its true value, and two or three times the value of other like
and adjoining property in the same neighborhood.    Upon
the issues made by the pleadings the trial court, after hearing
the evidence, found that the property had been unlawfully
assessed for the year 1899 at $20,960, and entered a decree
reducing the assessment to $8,000 for that year, but refused
to reduce the assessment for the years 1900 and 1901.    The
decree required respondent to pay the taxes upon the assess-
ment, with interest at fifteen per cent per annum from the
date of delinquency.    The county appeals.

There is no dispute in the facts, which show that the prop-

1Reported in 84 Pac. 855.

erty in question was assessed at $20,960 for the year 1899, and at $8,000 for each of the two succeeding years. The evidence shows, that the market value of the property was about $8,000; that it was sold in 1899, after the assessment had been made for $10,350; that property on the opposite corners of the street from this property, and of two or three times its value, was assessed much lower than the property in question. The alleged and pr.ven facts in this case bring it squarely within the case of *Henderson v. Pierce County,* 37 Wash. 201, 79 Pac. 617, where we said:

"In *Templeton v. Pierce County, supra,* we held that it was no ground for relief against excessive valuation of property that the assessor had merely overvalued the property, if it appeared that his action was not arbitrary or capricious, and the property had been assessed in the same proportion as other like property within the jurisdiction of the assessing officer, and we held in that case that the evidence did not show any cause for declaring the assessment illegal. The appellant invokes the principle here, but we think the evidence much stronger in this case than in the one cited. The evidence here shows not only a gross overvaluation of the respondent's property, but it shows a gross overvaluation, we think, when compared with other property of like kind within the assessor's jurisdiction. Of course, slight or even considerable differences in valuation are not sufficient, when honestly made, to authorize the court to set aside an assessment. Where, however, the assessment is many times the actual value of the land, and is higher proportionally than other property, a condition does arise when the courts are authorized to do so. *Whatcom County v. Fairhaven Land Co.,* 7 Wash. 101, 34 Pac. 563; *Benn v. Chehalis County,* 11 Wash. 134, 39 Pac. 365; *Lockwood v. Roys,* 11 Wash. 697, 40 Pac. 346; *Knapp v. King County,* 17 Wash. 567, 50 Pac. 480.

For the reasons there stated, the judgment must be affirmed.

Root, Dunbar, Crow, Fullerton, and Hadley, JJ., concur.