[No. 13241.   Department Two.   March 9, 1916.]

MAY N. HEUSTON, *Appellant*, v. KING COUNTY *et al.*,
*Respondents*.[1]

TAXATION—ASSESSMENT—EXCESSIVENESS—BURDEN OF PROOF—EVI-
DENCE—SUFFICIENCY. In an action to recover excessive taxes, the
burden of showing that the assessment was so grossly in excess of its
actual value as to constitute a constructive fraud or arbitrary action
is upon the taxpayer, and requires evidence of the most clear and
convincing character, and findings based on the presumption of
proper valuation by the taxing board acting in a quasi judicial capac-
ity will be sustained on appeal, although four witnesses of ordinary
qualifications gave it as their opinion that the lands averaged about
one-half of the assessed value.

SAME — EXCESSIVENESS — INEQUALITY — EVIDENCE — SUFFICIENCY.
That tide lands on the main land are assessed in excess of other
lands of like character cannot be shown by comparing the same with
tide lands upon an island several miles distant on the other side of
Puget Sound.

Appeal from a judgment of the superior court for King
county, Jurey, J., entered November 3, 1915, in favor of the
defendants, dismissing an action to recover money paid and
to secure the reduction of a tax, tried to the court. Affirmed.

*T. W. Hammond* and *E. R. York*, for appellant.

*Alfred H. Lundin* and *Edwin C. Ewing*, for respondents.

PARKER, J.—The plaintiff, May N. Heuston, seeks re-
covery of sums paid by her as taxes to the treasurer of King
county in excess of the amounts properly chargeable, as she
claims, upon certain tide lands owned by her for the years
1910 to 1912, inclusive; and also to reduce the taxes upon
other tide lands owned by her for the years 1911 to 1914,
inclusive, all because of the alleged excessive valuation placed
upon the lands for the purpose of taxation by the assessor
of King county. Trial upon the merits in the superior court
resulted in judgment denying the relief prayed for and the

[1]Reported in 155 Pac. 773.

dismissal of the action, from which the plaintiff has appealed to this court.

While appellant's complaint contains allegations of acts of the assessor amounting to actual fraud and arbitrary action on his part resulting in the claimed excessive valuation of her tide lands, these were not urged or relied upon at the trial. So we have here presented only the contentions (1) that the assessments upon the appellant's tide lands are so excessive, as compared with their actual value, as to constitute a constructive fraud upon her rights as a taxpayer, and (2) that the assessments upon her tide lands are so excessive, as compared with the assessment upon other tide lands of like character and situation, as to constitute a like fraud upon her rights. The questions presented are, in their final analysis, only questions of fact, depending for their answer upon the oral testimony of witnesses heard by the trial court.

Four witnesses testified on appellant's behalf touching the question of the value of appellant's lands. According to their opinions, the values of her lands averaged about one-half of the values fixed by the assessor. The qualification of each of these witnesses to give opinion testimony touching the value of the lands was challenged by counsel for respondent. Some of them did not, it seems to us, show qualifications of a very high order to give such opinion testimony, though we think the trial court correctly decided that their testimony was admissible. At the close of testimony offered in appellant's behalf, respondents rested and offered no testimony, relying upon the presumption of proper valuation by the assessor.

Counsel for appellant invoke the rule that the value of property for the purpose of taxation, as fixed and equalized by the county officers, may be so grossly in excess of its actual value as to constitute a constructive fraud upon the taxpayer such as to call for interference by a court of equity, as announced by this court in *Simpson Logging Co. v. Che-*

*halis County*, 80 Wash. 245, 141 Pac. 344, and prior decisions there cited. If the testimony given by the witnesses for appellant, to the effect that, in their opinion, the actual value of her tide lands was only one-half that fixed by the assessor, was such as to render it conclusive as establishing the value of appellant's tide lands, then it might be said that the trial court was bound to so regard this testimony and hold that the assessments worked a constructive fraud upon the rights of respondent. The burden of showing excessive valuation made by the assessor was upon the appellant, and to overthrow the correctness of his determination of values requires evidence of the most clear and convincing character before the court can say that there has been worked any constructive fraud upon appellant's rights as a taxpayer. The views of this court upon that subject are well stated in observations made in *Northern Pac. R. Co. v. Pierce County*, 55 Wash. 108, 104 Pac. 178, as follows:

"The circumstances under which the courts are authorized to interfere with an assessment of property made by the assessing officers has frequently been a subject for consideration by this court. In *Templeton v. Pierce County*, 25 Wash. 377, 65 Pac. 553, the decisions rendered prior to that time were summarized, and the principles governing the action of the court were restated. It was there said that fraud, capriciousness, or want of the exercise of an honest judgment on the part of the assessing officers was ground for interfering with the action of the officers, if the assessment made was grossly disproportionate to the value of the property assessed, or unequal when compared with the assessments on other property of like kind; but that mere overvaluation, unless the excess was so gross as to impute fraud on the part of the assessing officer, was not a ground for interference; that the assessor in placing valuations upon property acts in a *quasi* judicial capacity, and the law presumes that he has performed his duty in a proper manner; that this presumption is liberal, and the evidence to overthrow it must be clear. The same principles are enunciated in subsequent cases. *Miller v. Pierce County*, 28 Wash. 110, 68 Pac. 358;

*Henderson v. Pierce County*, 37 Wash. 201, 79 Pac. 617; *Dickson v. Kittitas County*, 42 Wash. 429, 84 Pac. 855."

These views are adhered to in *Hillman's Snohomish County Land & R. Co. v. Snohomish County*, 87 Wash. 58, 151 Pac. 96. We think it would be unprofitable to review the testimony of these witnesses in detail. We have painstakingly read all of the evidence as found in the statement of facts and conclude that, in view of the opportunity of the trial court to hear and see these witnesses, we should not now disturb the conclusions reached by the court.

Upon the question of the alleged excessive valuation of appellant's lands as compared with other lands of like character and situation, we cannot see our way clear to view the matter differently than as viewed by the trial court. The other lands claimed to be of a like character and situation were in fact several miles distant from the lands of appellant. They were upon Vashon Island in Puget Sound, while appellant's lands were upon the mainland on the east shore of the Sound, between the cities of Tacoma and Seattle. About the only respect in which these lands are similar is in their physical character. It is true that one might honestly believe, as some of the witnesses seem to have believed, that appellant's lands were less valuable than the Vashon Island lands, but we think there is equal room for honest belief on the part of the assessor to the contrary.

It seems quite plain to us that it cannot be said by us, not seeing or hearing these witnesses, that the testimony overcomes the presumption that the assessor did not act arbitrarily, capriciously or other than in the exercise of his honest judgment. There being no proof of wrong action on the part of the assessor, except such as would have to be inferred from this testimony touching the value of appellant's lands, we conclude that the judgment of the trial court should be affirmed. It is so ordered.

MORRIS, C. J., MOUNT, HOLCOMB, and BAUSMAN, JJ., concur.