[No. 22381.   Department Two.   November 18, 1930.]

W. A. WILEY *et al., Appellants,* v. SPOKANE COUNTY *et al., Respondents.*[1]

*Miller & Freese,* for appellants.

*C. W. Greenough* and *A. O. Colburn,* for respondents.

MAIN, J.—This action was brought for the purpose of securing a reduction of taxes upon certain property owned by the plaintiffs. Prior to bringing the action, a. tender was made of the amount of taxes which the plaintiffs claimed they should pay. The cause was tried

[1]Reported in 293 Pac. 279.

to the court without a jury, and resulted in a judgment dismissing the action, from which judgment the plaintiffs appeal.

The facts are these: The plaintiffs are the owners of lots 13, 14, 15 and 16, with projection to lot 16, of block 2 to First Addition to Fourth Addition to Railroad Addition to Spokane Falls, now Spokane. Lot 16 borders upon the right of way of the Northern Pacific Railway Company. Between that lot and the other lots there is an alley. The property is vacant and unoccupied, and is suitable for warehouse or similar purposes. In 1909 the four lots in question were sold for approximately $68,000. The amount for which they were assessed for taxation purposes prior to the year 1920 does not appear, but it does appear that, in the years 1916, 1918, 1922 and 1926, the value of the property for taxation purposes was reduced. For the year 1920 a value of $15,600 was placed upon it, and for the year 1922, $14,870. The years for which the taxes are in dispute in this case are 1921 to 1925, inclusive. Prior to fixing the value in 1920 and 1922, the assessor employed real estate men with special knowledge of values in the locality in which the property in question is located, and, in addition to this, sought such information as was available bearing upon the question of value. After considering all the information available, the assessor fixed the value as above stated.

The present action was begun in May, 1928. The appellants in this case called three real estate experts who fixed the fair value in money of the property in question during the years mentioned at from $7,500 to $10,000. The respondent called a witness, who had for many years been connected with the assessor's office, who testified as to the manner in which the taxes for the years which are here being objected to were assessed.

■ This case is very similar to that of *Heuston v. King County*, 90 Wash. 200, 155 Pac. 773, where the assessor's valuation of certain tide land lots in the city of Seattle was objected to. It was there held that the testimony of four witnesses of ordinary qualifications, who gave it as their opinion that the lands averaged about one-half of the assessed value, did not overcome the presumption in favor of the value placed upon the property by the county assessor. It was there said:

"Four witnesses testified on appellant's behalf touching the question of the value of appellant's lands. According to their opinions, the values of her lands averaged about one-half of the values fixed by the assessor. The qualification of each of these witnesses to give opinion testimony touching the value of the lands was challenged by counsel for respondent. Some of them did not, it seems to us, show qualifications of a very high order to give such opinion testimony, though we think the trial court correctly decided that their testimony was admissible. At the close of testimony offered in appellant's behalf, respondents rested and offered no testimony, relying upon the presumption of proper valuation by the assessor.

"Counsel for appellant invoke the rule that the value of property for the purpose of taxation, as fixed and equalized by the county officers, may be so grossly in excess of its actual value as to constitute a constructive fraud upon the taxpayer such as to call for interference by a court of equity, as announced by this court in *Simpson Logging Co. v. Chehalis County*, 80 Wash. 245, 141 Pac. 344, and prior decisions there cited. If the testimony given by the witnesses for appellant, to the effect that, in their opinion, the actual value of her tide lands was only one-half that fixed by the assessor, was such as to render it conclusive as establishing the value of appellant's tide lands, then it might be said that the trial court was bound to so regard this testimony and hold that the assessments worked a constructive fraud upon the rights of respondent. The burden of showing excessive valuation made by the as-

sessor was upon the appellant, and to overthrow the correctness of his determination of values requires evidence of the most clear and convincing character before the court can say that there has been worked any constructive fraud upon appellant's rights as a taxpayer. The views of this court upon that subject are well stated in observations made in *Northern Pac. R. Co. v. Pierce County,* 55 Wash. 108, 104 Pac. 178, as follows:

" 'The circumstances under which the courts are authorized to interfere with an assessment of property made by the assessing officers has frequently been a subject for consideration by this court. In *Templeton v. Pierce County,* 25 Wash. 377, 65 Pac. 553, the decisions rendered prior to that time were summarized, and the principles governing the action of the court were restated. It was there said that fraud, capriciousness, or want of the exercise of an honest judgment on the part of the assessing officers was ground for interfering with the action of the officers, if the assessment made was grossly disproportionate to the value of the property assessed, or unequal when compared with the assessments on other property of like kind; but that mere overvaluation, unless the excess was so gross as to impute fraud on the part of the assessing officer, was not a ground for interference; that the assessor in placing valuations upon property acts in a *quasi* judicial capacity, and the law presumes that he has performed his duty in a proper manner; that this presumption is liberal, and the evidence to overthrow it must be clear. The same principles are enunciated in subsequent cases. *Miller v. Pierce County,* 28 Wash. 110, 68 Pac. 358; *Henderson v. Pierce County,* 37 Wash. 201, 79 Pac. 617; *Dickson v. Kittitas County,* 42 Wash. 429, 84 Pac. 855.' . . .

"It seems quite plain to us that it cannot be said by us, not seeing or hearing these witnesses, that the testimony overcomes the presumption that the assessor did not act arbitrarily, capriciously or other than in the exercise of his honest judgment. There being no proof of wrong action on the part of the assessor, except such as would have to be inferred from this testi-

mony touching the value of appellant's lands, we conclude that the judgment of the trial court should be affirmed.''

In the case now before us, as already stated, there was testimony offered which tended to support the value placed upon the property by the assessor, and in this respect the present case rests upon a little broader foundation than did the case referred to. This case also differs from the one cited in that here, in the year 1926, the assessor placed a value upon the property of less than half what it had been for the previous years, the taxes for which are in controversy. This reduction was made upon information which the assessor received during that year as to the actual sales of property in the vicinity in which this was located. The fact that the assessor in the year 1926 materially reduced the value of the property does not necessarily show that he had not exercised an honest judgment based upon all the information that was obtainable when the prior values were fixed. We think it should not be held that, because the assessing officer materially reduced the value of property for taxation purposes during a particular year, this would render the assessment during the preceding years constructively fraudulent.

The situation presented in the case of *Inland Empire Land Co. v. Grant County,* 138 Wash. 439, 245 Pac. 14, was very different from that here presented, and the holding in that case is, therefore, not controlling.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, and HOLCOMB, JJ., concur.