[No. 24498. Department Two. September 12, 1933.]

NORTHWESTERN AND PACIFIC HYPOTHEEKBANK *et al.,*
*Respondents,* v. ADAMS COUNTY *et al.,*
*Appellants.*[1]

[1]Reported in 24 P. (2d) 1086.

*George H. Freese,* for appellants.

*Richard B. Ott,* for respondents.

BEALS, C. J.—Plaintiffs, being the owners of many tracts of land in Adams county, wrote to the treasurer of that county, under date of March 6, 1931, inclosing a check for payment of its 1930 taxes. In the letter it was requested that the receipts issued be marked, "Paid under protest." The receipts were stamped, "Paid under protest," and in July, 1931, plaintiffs' manager appeared before the county board of equalization and objected to the assessed valuation placed upon one hundred four tracts of land owned by plaintiffs in Adams county for both the years 1930 and 1931. After consideration by the board, some reductions were made.

Plaintiffs, December 5, 1931, filed their complaint against the county and its treasurer, alleging the assessment of their lands for the year 1930 and their payment under protest of the taxes levied for that

year based upon the valuations as fixed by the county officers. In their complaint, they alleged that the valuations of their respective parcels of land were so excessive as to amount to constructive fraud, the prayer of the complaint being for the return of that portion of the taxes paid which plaintiffs contended had been unjustly exacted.

During the month of March following, plaintiffs filed their complaint in another action against Adams county and its treasurer, alleging similar facts in connection with the levying and payment of the taxes for the year 1931, and praying for the same relief demanded in the first suit.

The two actions were set for trial for the same day, the parties stipulating in open court that the cases be tried jointly and that the values of the respective parcels of land, as found by the trial court, should stand for the two years 1930 and 1931, the parties agreeing that the land was of the same value in each year. Trial of the action to the court resulted in findings in favor of plaintiffs, the court entering a separate judgment in each action awarding material reductions in the assessed values of many of the parcels of land concerned, and granting judgment against the county for considerable sums on account of excessive taxes collected. From these judgments, defendants have prosecuted separate appeals to this court.

The cases have been argued together, and the questions raised will be considered in this case, which involves the taxes for the year 1930.

The complaint sets forth the legal descriptions of the tracts of land owned by plaintiffs, the valuations placed thereon by the assessor, the amount of the tax assessed against each tract of land and paid by plaintiffs, the values of the respective parcels, as alleged

by plaintiffs, and the amount of the tax which plaintiffs allege should be paid. The complaint also alleges that the valuations placed upon the lands by the county officials were so far in excess of the true and fair value of the lands as to be constructively fraudulent and to entitle plaintiffs to judicial relief. The fact that the taxes were paid under protest is also set forth. It was not alleged in the complaint, nor was it attempted to be proven on the trial, that the lands were assessed out of proportion to other lands of like nature within the county.

Appellants assign error upon the findings of the trial court reducing the assessed valuation of the lands, upon the ruling of the court to the effect that the 1930 tax had been paid under protest, upon the admission of certain evidence on the trial, upon the system adopted by the court in adjusting valuations, upon that portion of the judgment entered in the action concerning the 1930 taxes providing that the same be paid out of the current expense fund of the county instead of out of the county tax refund fund, and upon the entry of judgment in favor of respondents.

Respondents asked for revaluation of one hundred four several tracts of land. As to sixty-five of these, the trial court found that the values placed thereon by the county assessor were so excessive as to constitute fraud in law and to entitle respondents to relief. Respondents had owned most of these tracts for several years, and it does not appear that any complaint had been made concerning the valuations of the land until the taxes for 1930 came in question. Appellants argue that the fall in land values occurred after March 1, 1930, and that the assessed valuations fixed on or prior to that date should stand.

Both sides introduced evidence as to valuations, appellants' witnesses testifying that the valuations as

fixed were reasonable and proper values for purposes of taxation in accordance with the controlling statutes.

■ It is, of course, true that, in such cases as these, the burden of proof rests upon the plaintiff, who must show by clear and convincing evidence that the land was assessed at such an excessive valuation as to amount to constructive fraud on the part of the assessing officers. *Heuston v. King County,* 90 Wash. 200, 155 Pac. 773; *Northwestern Improvement Co. v. Pierce County,* 97 Wash. 528, 167 Pac. 33; *Crosby v. Kitsap County,* 154 Wash. 212, 281 Pac. 494; *Wiley v. Spokane County,* 159 Wash. 291, 293 Pac. 279; *North Shore Land Co. v. Grays Harbor County,* 168 Wash. 16, 10 P. (2d) 235.

■ It appears from the evidence that a considerable number of the tracts owned by respondents had at one time been devoted to the growing of wheat, but had been later abandoned as unsuitable for that purpose. Much of this land is of the classification commonly designated as "blow lands," the soil being so loose that the sand is by the wind blown into dunes. The evidence is clear that land of this character has little or no value for any purpose, as when such land has been farmed it is no longer suitable even for grazing. Some of the witnesses estimated the value of such land as low as fifty cents an acre.

Prior to the entry of the judgment appealed from, the trial court filed a memorandum opinion setting forth his views and the reasons which induced him to award respondents relief. While it is true that, for several years prior to 1930, respondents sought no reduction of the assessed valuations placed upon their lands, this fact is nowise of controlling importance, but only one element to be considered in connection with all other relevant facts disclosed by the record.

It does not appear that any lands similar to those which are the subject of this inquiry had been sold on the open market subsequent to 1928. Examination of the record convinces us that the trial court did not err in fixing the valuations of respondents' lands for the purposes of taxation as set forth in the judgment herein appealed from. The testimony concerning these lands was in conflict, but the trial court had the benefit of seeing and hearing the witnesses testify, and we are convinced that the findings made should not be disturbed.

Appellants contend that the 1930 tax was not paid under protest, and that respondents for that reason have no right to maintain this action. In the letter transmitting the checks sent in payment of the 1930 taxes, respondents requested that it be noted on the receipts that the taxes were paid under protest. This request was complied with by the county treasurer, and the receipts, bearing date March 9, 1931, were so stamped. Laws of 1931, p. 201, § 2, Rem. Rev. Stat., § 11315-2, requiring that a written protest be filed, "setting forth all of the grounds upon which such tax is claimed to be unlawful or excessive," did not become effective until March 18, 1931, several days after the payment by respondents of the taxes here in question.

Respondents' letter and the stamping of the receipts, "Paid Under Protest, Treasurer of Adams County," pursuant thereto, constitute sufficient grounds for the maintenance of this action. *Byram v. Thurston County,* 141 Wash. 28, 251 Pac. 103, 252 Pac. 943; *Corwin Investment Co. v. White,* 166 Wash. 195, 6 P. (2d) 607.

Appellants complain of rulings of the trial court admitting evidence offered by respondents con-

cerning the income accruing from respondents' lands. Such evidence was received in the cases of *Crosby v. Kitsap County*, 154 Wash. 212, 281 Pac. 494, and *Willapa Electric Co. v. Pacific County*, 160 Wash. 412, 295 Pac. 152. We find no error in the rulings complained of.

■ Appellants next complain of the admission by the trial court of evidence concerning the sale of lands by Adams county under tax foreclosure. While it is true that such evidence may be of slight probative value, its admission in a case tried to the court without a jury can not be held to be error.

Appellants also complain of the rule followed by the trial court in determining whether or not the valuation placed upon each particular tract of land was so excessive as to entitle respondents to relief. In this connection, we find nothing in the judgment complained of which requires correction.

■ The trial court directed that the judgment herein appealed from be payable out of the general fund of the county, instead of out of the tax refund fund established by Laws of 1931, p. 202, § 3, Rem. Rev. Stat., § 11315-3. We are of the opinion that the act of 1931 should not be held retroactive, and that the trial court properly entered judgment in this case, involving the taxes for 1930, against the general fund.

■ The trial court granted relief only in instances where it found that the value placed upon respondents' property by the county assessor was more than twice the actual value as found by the court. *Inland Empire Land Co. v. Grant County*, 138 Wash. 439, 245 Pac. 14. The trial court properly held that such excessive valuation in itself amounted to constructive fraud, and entitled respondents to relief. While courts are slow to interfere with the discretion vested by law in county

454

officers, relief must be granted in proper cases, and such a one is presented by the record before us.

The judgment appealed from is affirmed.

TOLMAN, MAIN, MITCHELL, and STEINERT, JJ., concur.