[No. 1648. Decided May 11, 1895.]

SUMNER F. LOCKWOOD, *County Treasurer, Respondent,*
v. L. W. ROYS, *Appellant.*

TAXATION — MANNER OF LISTING REAL ESTATE.

A statutory provision requiring a separate valuation of distinct parcels of land for purposes of taxation, is for the benefit, and involves a substantial right, of the owner, and an omission to comply therewith will render the assessment illegal and void.

Where the law requires that the assessor shall view and determine the value of each tract or lot of real estate listed for taxation and shall enter the value thereof opposite each description of property, the assessment is invalid when separate lots have been grouped together and valued in gross; and the fact that the treasurer afterwards carried out in detail the valuations given would not give efficacy to the assessment.

*Appeal from Superior Court, Pacific County.*

*Hoxie, Bogle & Richardson, Richard K. Boney,* and *F. Campbell,* for appellant.

*Marion D. Egbert* (*Lowen E. Ginn,* of counsel), for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is a proceeding brought under the provisions of the act of the legislature enacted March 15, 1893, being ch. 124 of the Laws of 1893, p.

323. The county treasurer of Pacific county had undertaken to obtain judgment in the superior court of Pacific county and to sell, by virtue of such judgment, the real property of the appellant for the delinquent taxes claimed to be due thereon; and on the day fixed for the hearing of said application the appellant, under the provisions of the law, filed his objections to the rendition of the judgment. Upon the hearing the objections were overruled and judgment was rendered against appellant's property for the sale thereof for delinquent taxes for the year 1891.

Numerous objections were filed by the appellant in the court below and numerous assignments of error are made here. We think the record in this case shows that this property was not uniformly assessed, either with reference to the different lots embraced in the list, which were owned by appellant, or with reference to other property. There is one principal objection, however, to the mode of assessment in this case which, it seems to us, is fatal to respondent's contention, and that is that, as the record shows, the assessment was not made in accordance with the provisions of the law on a material point, viz., it appears that the lots were grouped, and that instead of a value having been assessed on every particular lot, the value was attached as a whole to certain groups of lots, and that the lots grouped and valued thus were in many instances not contiguous to each other but were separated by alleys and frequently by intervening lots. Thus several lots would be mentioned in the assessment roll and at the bottom of the group, whether of six, eight, ten or twelve lots, the aggregate value of all the lots would be carried out.

This assessment was made under the laws of 1891, and § 48 of ch. 140, p. 298, provides that the assessor

" shall actually view and determine as nearly as practicable, the true and fair value of each tract or lot of real property listed for taxation, and shall enter the value thereof, including the value of all improvements and structures thereon, opposite each description of property;" so that the question arises here, what is a "description of property" contemplated by the law; and the further question becomes important, viz., what is such a substantial departure from the provisions of the statute as would render an assessment void. In other words, is this provision of the statute mandatory or directory; if mandatory, then it is presumed to involve a substantial right and must be strictly obeyed.

Mr. Cooley, in his work on Taxation (2d ed.) p. 400, in speaking of this proposition says:

" It is also generally made imperative that separate and distinct parcels of land shall be assessed separately. This is certainly essential where the lands are resident or seated, and in the occupancy of different persons, each of whom has a right to know exactly what demand the government makes upon him. A failure to observe this requirement is not a mere 'omission, defect or irregularity,' which can be overlooked, under a statute which provides that assessments for taxation shall be valid 'notwithstanding any omission, defect or irregularity' in the proceedings. The like separate assessment is also essential in other cases if the statute requires it."

Now, it will be observed that our statute does require it without any limitation of ownership such as is suggested by the learned author above. The same section, however, further along proceeds as follows:

" Nay, when the two parcels are owned by the same person, if the statute requires a separate assessment, obedience to the requirement is essential to the validity of the proceedings. It cannot be held in any case that it is unimportant to the taxpayer whether this

requirement is complied with or not. Indeed it is made solely for his benefit; it being wholly immaterial, so far as the interest of the state is concerned, whether separate estates are or are not separately assessed. And where a requirement has for its sole object the benefit of the taxpayer, the necessity for a compliance with it cannot be made to depend upon the circumstances of a particular case, and the opinion of a court or jury regarding the importance of obedience to it in that instance. That method of construing statutes would abolish all certainty."

This statement has been quoted in almost every case of this character that has been decided, most of the courts indorsing it, while some few have criticised its soundness. We think, however, that the learned author might have added another and more cogent reason for enforcing this rule, viz., that the person whose land is taxed has a right to know just what charges are made against each particular parcel or separate piece of land, and how much money it would require to remove the lien from such parcel of land. He might desire to redeem one lot, either because he wished it for a home or because he thought that it was worth redemption, while another lot in the same neighborhood might not, in his judgment, be worth redeeming. Town lots, especially in this country, are as much articles of merchandise as any species of property which can be mentioned, and they do not necessarily bear any relation to each other in value. Lots on one side of a block may be very valuable and very desirable on account of their topographical situation, while those on the other side of the block, or even immediately alongside, might be comparatively worthless for the same reason; and certainly it is the right of a tax payer, when the law makes the taxes on his lots a lien upon them, to have the lien on any particular lot limited to the amount of

the taxes which that particular lot represents. In this instance it seems to us that the assessor absolutely disregarded the plain and mandatory provisions of the law.

In *Young v. Joslin*, 13 R. I 675, it was held that where a statute provided that taxes on real estate should be assessed to the owners, and separate tracts or parcels should be separately described and valued as far as practicable, that this provision was for the benefit of the tax payer and mandatory. It is insisted by the respondent that this case is not parallel with the one at bar because it appears that the taxes for three separate pieces of land had all been assessed to one piece, but it seems to us that the principle is the same here, for practically the burdens imposed on all the lots rest on each lot separately, and the taxes that were assessed on all the lots would have to be paid before any one lot would be relieved from the lien. Besides, the argument of the case shows conclusively that it was decided on the proposition that where one owns several tracts or parcels of land they must be listed and valued separately, else the proceedings will be void; citing Blackwell on Tax Titles to sustain that proposition, and citing also the language of Cooley, which we have referred to above.

In *Hayden v. Foster*, 13 Pick. 492, it was held that "where separate and distinct real estates belong to the the same owner, they are to be considered as distinct subjects of taxation, and must be separately valued and assessed; and each estate is subject to a lien for the payment of that portion only of the owner's tax, which shall be assessed on such particular estate." The respondent in his criticism on the author cited by the appellant is unable to see the bearing of this case on the point discussed here. But it seems to us that

it is so directly in point that it would be idle to discuss it.

*Nason v. Ricker,* 63 Me. 381, decides this question squarely. There it was held that "each lot of land is a distinct subject of taxation, and liable to a lien upon it for the payment of the tax upon it; hence, a valuation and assessment in gross upon two distinct parcels is void, because it deprives the owner of the privilege of redeeming either separately." The decision in this case is based, we think, upon a better reason than is given in any of the other cases mentioned, viz., that the owner had a right to redeem each of the lots by paying the taxes specifically assessed on each without being obliged to pay the tax upon the other lot also, which, as the court says, constituted no lien upon the lot which he might wish to redeem, and that the assessment and valuation of both lots in gross, if upheld, would deprive the owner of this right by compelling him to pay the taxes upon both lots to have the right to relieve either from the lien imposed by the tax upon it. The court very wisely adds: "The law does not contemplate nor will it sanction the aggregation of the several separate and distinct estates owned by a non-resident proprietor into one valuation and assessment." Of course, it does not change the principle nor vary its proper application that the several separate and distinct estates are owned by a resident proprietor.

We have examined all the cases cited, both by appellant and respondent, and while there is some conflict of authority on this proposition, and while the rule is more liberal, so far as the action of assessors is concerned in not holding assessments void where mere technical omissions are made, than it was a few years ago, yet we think the overwhelming weight of authority

both ancient and modern, is to the effect that a separate valuation of distinct parcels of land, when required by the statute, is made for the benefit of the owner and involves a substantial right, and that when he is deprived of such substantial right the assessment is invalid and void.

The statutes cited in most of these cases, while varying slightly in phraseology, are substantially the same, and the decisions are based upon broad grounds and general principles. We think in this instance that the substantial rights of the owners were violated and that no assessment was made upon which a levy could be based. The contention that the treasurer afterwards carried out in detail these valuations is of little importance. The testimony in this case shows that even then the valuation was based upon the supposition that the lots were of uniform value. But under the law the treasurer was not authorized to substitute his judgment of the value of the property for that of the assessors. The authorities are pretty uniform in holding that this is a judicial qualification which cannot be transferred.

The judgment will therefore be reversed, and the cause remanded with instructions to the lower court to declare the assessment on this property illegal.

HOYT, C. J., and SCOTT, J., concur.

GORDON, J., concurs in the result.