[No. 2882.  Decided March 29, 1898.]

FRED G. PICKERING, *Appellant*, v. OSCAR BALL, *as Treasurer of Skagit County, Washington, Appellant.*

TAXES LEVIED UNDER UNCONSTITUTIONAL LAWS — VALIDITY — DELIN-
QUENCY CERTIFICATES — INCLUSION OF PENALTIES.

Dike and ditch taxes levied subsequent to the adoption of the state constitution by districts organized prior thereto are illegal and void, when the dike and drainage laws are in conflict with provisions of the constitution, since the effect of the adoption of the constitution was to abrogate and annul all territorial laws repugnant to it.

Under Laws 1897, p. 181, § 94 (Bal. Code, § 1749), providing for the issuance of delinquency certificates upon payment of taxes and interest against delinquent property, the treasurer is authorized to include as a portion of the payment necessary to secure the delinquency certificate such penalties authorized by prior laws as have attached and become a part of the taxes.

Appeal from Superior Court, Skagit County.—Hon. J. P. HOUSER, Judge.  Affirmed.

*E. C. Million,* for plaintiff.

*I. E. Schrauger,* Prosecuting Attorney, *(E. P. Barker,* of counsel), for defendant.

The opinion of the court was delivered by

GORDON, J.—This cause was submitted to the lower court upon an agreed statement of facts, and from its judgment both parties have appealed.  The statement shows that the plaintiff is the owner of forty acres of land lying in Skagit county, upon which for the years 1891, 1893 and 1894, there was levied a tax known as a dike tax for the purpose of paying the indebtedness of dike district No. 2, in which district said land was located; also, that the land lies within the limits of a ditch district organized under the

ditch law of the state of Washington for 1889-90, and that during the years 1893 and 1894 there was levied upon said land a ditch tax; that all of said taxes appear upon the tax rolls in the office of the defendant, who is the treasurer of Skagit county; that a portion of said land was also duly assessed for the years 1894, 1895 and 1896, and taxes levied thereon for general, state, county and school district purposes; that prior to the commencement of this action the plaintiff tendered to the defendant, as treasurer, the full amount of general, state, county, school and road district taxes levied upon the land, but plaintiff refused to pay any amount standing upon the tax rolls as dike or ditch taxes; that the defendant refused to issue the certificate of delinquency unless the plaintiff should pay the dike and ditch taxes hereinbefore referred to, and a penalty of two per cent. upon the taxes levied for general, state, county, school and road purposes for the years 1894 and 1895. In substance the lower court held that plaintiff was entitled to a certificate of delinquency without paying the dike and ditch taxes, but that he should pay upon the general taxes levied for 1894 and 1895 a penalty of two per cent., as provided by § 14 of Laws 1895, p. 513. From so much of the judgment as held the defendant not entitled to collect the dike and ditch taxes the defendant as treasurer has appealed, and from that part of the judgment which required the plaintiff to pay the penalty of two per cent. upon the amount of general taxes levied against his land before receiving a certificate of delinquency the plaintiff has appealed.

The dike law of 1888 and the ditch or drainage law of 1889-90 have both been held unconstitutional, the former under the decision of this court in *Snohomish County v. Hayward*, 11 Wash. 429 (39 Pac. 652), and the latter in *Skagit County v. Stiles*, 10 Wash. 389 (39 Pac. 116). But

defendant urges that inasmuch as diking district No. 2 was organized prior to the adoption of the constitution the tax thereafter levied by the proper officers was a legal tax, the basis of the contention being that the territorial law was not repugnant to the organic act of the territory, that the district was at the time of its creation legally organized, and that districts so organized do not come within the rule laid down in the cases of *Snohomish County v. Hayward,* and *Skagit County v. Stiles, supra.* This contention cannot prevail. The taxes were not levied until long after the adoption of the constitution of the state. The effect of the adoption of the constitution was to abrogate and annul all territorial laws repugnant to or in conflict with any of its provisions. For that purpose it was as effectual as an express repeal of those laws, and it follows that the law was not in force when these taxes were levied, and the superior court was right in so deciding. We think also that court was right in holding that the plaintiff was not entitled to a certificate of delinquency without paying the two per cent. penalty attaching under the law of 1895, *supra,* to the taxes levied upon his property for the years 1894 and 1895. Plaintiff relies upon the language of § 94, p. 181, Laws 1897 (Bal. Code, § 1749), which makes it the duty of the treasurer "upon demand and payment of the *taxes and interest* to make out and issue certificates of delinquency against such delinquent property," his contention being that had the legislature intended that the penalty should be collected in addition to the taxes and interest the word "penalty" would have been used. We find nothing in the act to justify the assumption that the legislature intended to remit the penalty which had theretofore attached to delinquent taxes, excepting only as is contained in the proviso to § 118, Laws 1897, p. 192 (Bal. Code, § 1771). That section (118) provides that all costs, pen-

alties and interest in excess of six per cent. per annum from the date of delinquency upon taxes levied for the year 1895 and previous years should be remitted, provided,

"That in order to receive the benefit of the remission herein provided for, all such delinquent taxes shall be paid on or before the 30th day of November, 1897, with interest as aforesaid, and if not so paid, then all the penalties, costs and interest, now charged against the same shall be and remain a charge against such delinquent property."

We think the claim of defendant is fully answered by the plain language of the statute, which leaves no room for construction. This penalty had attached and become a part of the taxes prior to plaintiff's tender, which was not made until after the 30th day of November, 1897.

The judgment of the superior court will be in all things affirmed, and neither party will recover costs in this court.

SCOTT, C. J., and ANDERS, DUNBAR and REAVIS, JJ., concur.