[No. 3194. Decided January 31, 1899.]

LINUS ABBOTT *et al., Respondents,* v. JAMES GACHES
*et al., Appellants.*

INJUNCTION—PARTIES—DIKING  DISTRICT — WARRANTS — CONSIDERA-
TION—PLEADING—ISSUES.

In an action to enjoin the payment of alleged illegal diking
district warrants, the diking district is not a necessary party
defendant, where the collection and disbursement of the dike
taxes is in the hands of the county treasurer, and the diking
district has no control over the funds or the treasurer.

Where warrants for the construction of a dike were issued
under an act which the courts had declared unconstitutional and
no method for their payment had been afterwards provided by
the legislature, the subsequent issuance of warrants to take up
such invalid warrants was without consideration.

The denial in an answer of an allegation in the complaint
that plaintffs have no adequate remedy at law tenders no issue
of fact.

Appeal from Superior Court, Skagit County.—Hon.
JESSE P. HOUSER, Judge. Affirmed.

*E. C. Million,* and *Frank Quinby,* for appellants.
*McBride & Joiner,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This action was begun by respondents, as
taxpayers, to enjoin the payment of certain warrants of
diking district No. 12 of Skagit county. The warrants
had theretofore been issued and presented to the county
treasurer and registered by him and stamped "not paid
for want of funds." The complaint alleged want of legal
consideration or authority for the issuance of the war-
rants, for the reason that they were issued in payment of
warrants which had been issued under the old diking law
(which has since been declared unconstitutional) by diking

district No. 12, as organized under the old law, and comprising the territory which is now organized under the laws of 1895 as diking district No. 12; one of the districts No. 12 being organized under the law of 1888 and acts amendatory thereto (Laws 1887-88, p. 90), and the other under the diking law of 1895 (Laws 1895, p. 304, Bal. Code, §§ 3673-3714). A demurrer was interposed to the complaint and overruled. The defendants then answered and, upon motion of the plaintiffs, judgment was granted on the pleadings.

The first contention of the appellants is that the demurrer to the complaint should have been sustained, for the reason that there was a defect of parties defendant, the contention being that the diking district ought to have been made a party to the action. We have examined the cases cited by the appellants on this proposition, but believe them not to be in point. In § 576 of High on Injunctions (2d ed.)—which section is the same in the 3d edition— among other things it is stated, after arguing the question generally, that "the true test, however, in all cases would seem to be to make such parties defendant as are necessary to a proper solution of the questions at issue." The question at issue here, certainly, is the validity of the warrants in question; and the making of the diking district a party defendant in this action could in no way aid in determining that question, because their validity or invalidity depends entirely upon the construction of an act of the legislature. Again, the county treasurer, under the act of 1895, collects the dike taxes and has full power to disburse the same. The diking district, then, having nothing to do with the collecting or disbursing of the taxes and having no control over the treasurer in regard to their collection or disbursement, is not a necessary party to the action.

The next contention is that the complaint did not state facts sufficient to constitute a cause of action, for the

reason that the allegation of the complaint, that the warrants, the payment of which is herein sought to be restrained, were issued without consideration, was overcome by the force and effect of the facts stated, and that if the facts as set out in the complaint show that there was a consideration, that is sufficient. This is no doubt a correct statement of the law, but we do not think that the facts set out in the complaint nullified or in any way contradicted the allegation of the complaint that the warrants were issued without consideration. It is alleged that the warrants in question were issued to purchase two other warrants of equal face value, which had been issued for the construction of the old dike, and were to be paid for out of the funds to be derived from an assessment levied on lands benefited by the old dike; and we think that it does follow that the old warrants were valueless, and this is about all that is raised in the answer to the complaint, viz., the value of these warrants. The warrants were issued under an act which had been pronounced by this court unconstitutional, and for which no method of payment has been provided; and while it might be that the legislature might make some provision by which the warrants might be paid, or at least by which the debts against the old diking district might be paid, it has not done so, and consequently no legal value now attaches to them.

It is also contended that the court erred in granting respondents' judgment on the pleadings, for the reason that an issue was tendered on the allegation that the plaintiffs had no adequate remedy at law. This allegation amounts to nothing within itself, and the question of whether there was an adequate remedy at law must be determined by the facts stated, and not by the averment that there was no adequate remedy at law. We think that the facts stated showed that there was no adequate remedy at law, and that the warrants in question were issued without considera-

tion, and that the denial of the allegation in relation to the remedy tendered no issue of fact.

It is again contended that, under the affirmative defenses, the question of estoppel was raised; but this court passed upon that question in *Skagit County v. Stiles*, 10 Wash. 388 (39 Pac. 116); and, while that question was not discussed in the opinion, it was before the court and was decided adversely to appellants' contention here, as shown by the dissenting opinion of Judge STILES in that case.

It seems to us that the questions involved in this case have been decided by this court in favor of the affirmance of this judgment in *Snohomish County v. Hayward*, 11 Wash. 429 (39 Pac. 652), and *Pickering v. Ball*, 19 Wash. 185 (52 Pac. 1022).

The judgment will be affirmed.

GORDON, C. J., and ANDERS and REAVIS, JJ., concur.