[No. 10248.  Department One.  June 3, 1912.]

GEORGE MILTON SAVAGE *et al.*, *Respondents*, v. PIERCE
COUNTY *et al.*, *Appellants.*[1]

TAXATION—ASSESSMENT—EXCESSIVE ASSESSMENTS— UNIFORMITY.
Where the assessing officers have adopted as a measure of value for
assessments sixty per cent of the market value, and uniformly ap-
plied it, an assessment on a specified tract, conclusively shown to
be in excess of that amount, cannot be sustained by reference to
Rem. & Bal. Code, § 9112, requiring all property to be assessed at its
cash value.

Appeal from a judgment of the superior court for Pierce
county, Easterday, J., entered January 16, 1912, upon
findings in favor of the plaintiffs, in an action to reduce the
assessment value of property.  Affirmed.

*J. L. McMurray, F. G. Remann,* and *A. B. Bell,* for ap-
pellants.

*Hayden & Langhorne,* for respondents.

PARKER, J.—This action was commenced by the plaintiffs
to secure the reduction of the assessed valuation placed upon
certain residence property belonging to them by the board
of equalization for Pierce county.  Findings and judgment
were rendered in their favor, from which the defendants have
appealed.

The trial court's findings, so far as we need notice them,
are as follows:

"That the assessor of Pierce county, Washington, found
and determined that the improvements situated on said prop-
erty, consisting of the large house described in these find-
ings, and a garage, were of a fair market or cash value of the
sum of $98,000, and an assessed value of $58,800, and that
the real estate described in these findings had an assessable
value of $7,330, it being the rule and custom followed by
the assessor of Pierce county, Washington, to first find and

[1]Reported in 123 Pac. 1088.

determine the fair market or cash value of all property, and
to then assess the same at 60% of what he found or deter-
mined to be its fair market or cash value.

"That in the month of August, 1911, said plaintiffs ap-
peared before the board of equalization of Pierce county,
Washington, and protested against the amount of the as-
sessment on improvements on said property, which had been
found and determined to be of the cash value of $98,000
with an assessable value of $58,800, and requested the said
board of equalization that they reduce the assessment thereon,
and that said board did then and there reduce the assessment
on said improvements for assessment purposes to the sum of
$50,000 but refused to make any other or further reduction.

"That the assessment so made against the improvements
situated on said described real estate was a grossly excessive
assessment, and far in excess of other assessments made on
like property similarly situated in the city of Tacoma, Pierce
county, Washington; that the real estate and improvements
on said property, all taken together, were not of any greater
or higher value in March, 1911, than the sum or value of
$50,000, and that for assessment purposes the improvements
on said described real estate had no greater or higher value
than the sum of $26,000."

Upon these facts, the trial court rendered its judgment
reducing the assessment upon the improvements to $26,000
and directing the county officers to receive payment of taxes
upon the property from the respondents based upon that
valuation.

It is contended by counsel for appellants that the findings
that the assessment was grossly excessive and far in excess
of other assessments made on like property are not warranted
by the evidence, and that in any event, the evidence is not
such as to warrant the court in concluding that the valua-
tion placed upon the improvements by the board of equaliza-
tion is so clearly excessive as to amount to a constructive
fraud as against the rights of respondents so as to call for
interference by the court with the assessment. We have
carefully read all of the evidence, and we deem it sufficient to
say that it appears to us to be overwhelming to the effect

that the entire property, including both the land and improvements, did not have an actual cash value exceeding $50,000 at the time it was assessed. We have then, after deducting the $7,330 assessed as the value of the land, as to which there is no question, the improvements with no greater cash value than $42,670. So that the assessed value of $26,000 finally fixed by the court, is somewhat in excess of 60 per cent of the actual cash value of the improvements. In view of the conclusive nature of the evidence showing the entire property to be in no event worth more than $50,000, and the fact that there was a uniform rule and custom followed by the assessor of Pierce county assessing property at 60 per cent of what he found to be its actual cash value, which fact is admitted, the learned trial court was fully warranted in rendering its judgment. We may remark that the record warrants the conclusion that the board of equalization did not raise any assessments on account of the assessor adopting the 60 per cent rule; so respondents' taxes were not equalized in that way. *Dickson v. Kittitas County*, 42 Wash. 429, 84 Pac. 855; *Case v. San Juan County*, 59 Wash. 222, 109 Pac. 809.

Some contention is made by counsel for respondents based upon Rem. & Bal. Code, § 9112, which provides for assessing property for the purpose of taxation at its cash value. We are not called upon in this case to determine the exact duty of the assessor and county officers in that regard. The county officers having adopted a measure of value, and applied the same to all property in the county, can in no event be permitted to apply a different measure of value to the property of these respondents for the purpose of measuring the amount of the tax they are required to pay thereon. Uniformity is the highest and most important of all requirements applicable to taxation under our system. *State ex rel. Oregon R. & Nav. Co. v. Clausen*, 63 Wash. 535, 116 Pac. 7, is in harmony with this view. We are of the opinion

that the learned trial court correctly determined the rights of the parties, its judgment is therefore affirmed.

DUNBAR, C. J., CROW, and GOSE, JJ., concur.