[No. 24971.   Department Two.   July 10, 1934.]

THE PACIFIC TELEPHONE AND TELEGRAPH COMPANY, *Respondent,* v. MELVIN S. WOOSTER, *as Assessor for King County, Appellant.*[1]

[1]Reported in 34 P. (2d) 451.

*Robert M. Burgunder, Arthur M. Hare, David J. Williams,* and *R. G. Sharpe,* for appellant.

*McMicken, Ramsey, Rupp & Schweppe,* for respondent.

BLAKE, J.—The plaintiff operates telephone and telegraph lines in King and other counties of the state. In connection with the operation of these lines, it owns several parcels of real estate in King county, which are improved with buildings—mostly for housing exchanges.

In 1932, pursuant to the provisions of Rem. Rev. Stat., § 11112, the county assessor listed and assessed the various parcels of real estate owned by plaintiff. The same valuations were used in listing the property for assessment in 1933. The evidence is conclusive that the valuation placed on each parcel of land is not less than other land similarly situated. Likewise, it appears conclusively from the evidence that the buildings on each parcel are assessed at valuations no less than that of buildings of like character and construction throughout the county. In other words, the valuations placed by the assessor upon the various parcels of real estate owned by plaintiff conformed to the uniformity and equality provisions of article VII, § 2, of the state constitution.

The assessor also listed on the assessment rolls for 1933 personal property belonging to plaintiff in King county in the sum of $7,804,520. This amount was certified to the assessor by the state tax commission as the assessed value of plaintiff's operating properties in King county.

It appears that, since 1916, the state tax commission has, for the purpose of taxation, determined the assessed valuation of plaintiff's operating property as a

whole. The tax commission has then allocated to each county, for assessment purposes, an amount which represents the proportionate valuation of the operating properties located in such county. It is unnecessary to go into the method the state tax commission used in determining the assessed valuation of plaintiff's operating properties throughout the state. The assessor accepted the valuation certified by the tax commission as the correct assessed valuation of respondent's operating properties in King county.

When the county board of equalization met in July, 1933, it cited plaintiff to appear and show cause why the assessed valuation of its real and personal property in King county should not be raised. In the minutes of the meeting of the board for July 14, 1933, appears the following:

"We find that the market value of the properties, real and personal, of this utility-properties located in the county of King, to be the sum of $24,133,000.00.
. . .

"Pursuant to this hearing, this board therefore submits the finding disclosed and makes the following order:

"That the assessed valuation of the real property of the Pacific Telephone and Telegraph Co. situated in King county be increased in the sum of $384,110.00, such increase to be divided over the real property assessment as it now stands upon the tax rolls in the proportion which the increased amount bears to the present assessed valuation of such property (land and buildings).

"It is further ordered that the assessed valuation of the personal property of the Pacific Tel. & Telg. Co. situated in King county, Washington, be increased in the sum of $2,905,220.00 and that such amount be distributed by the assessor over the items of personal property owned by this company in the proportion which such increase bears to the present assessed

valuations of such personal property as they appear on the tax rolls of King county."

The plaintiff brought this action to enjoin the assessor from spreading on the assessment rolls the increased valuations so ordered by the board of equalization. From judgment granting the injunction as prayed for, defendant appeals.

Preliminary to a discussion of the case on the merits, it is necessary to dispose of appellant's contention that respondent cannot maintain the action. This contention is predicated on three grounds: (1) That the action runs afoul of chapter 62, Laws of 1931, p. 201, § 1, providing:

"Injunctions and restraining orders shall not be issued or granted to restrain the collection of any tax or any part thereof . . . " Rem. Rev. Stat., § 11315-1;

(2) that respondent could not maintain the action until it had exhausted its statutory remedy of appeal to the state tax commission; (3) that King county is a necessary party to the action. The questions raised have all been decided adversely to appellant's contentions; the first in *Denny v. Wooster,* 175 Wash. 272, 27 P. (2d) 328; the second in *Yakima Valley Bank & Trust Co. v. Yakima County,* 149 Wash. 552, 271 Pac. 820; and the third in *Abbott v. Gaches,* 20 Wash. 517, 56 Pac. 28.

On the merits, the evidence is conclusive that the so-called equalized valuation will raise the assessed valuation of each of respondent's parcels of real estate and improvements thereon seventeen per cent above the assessed valuation of land similarly situated and improvements of like character and construction throughout the county. It seems too plain for argument that to pick out the property of a particular owner and raise the assessed valuation of his property

substantially above the assessed valuation of property of a like character similarly situated, violates the uniformity and equality provision of article VII, § 2, of the state constitution.

But appellant seeks to escape the force of that provision on the ground that the assessor did not ascertain the true market value of respondent's property in arriving at the assessed value; that the valuations as raised by the board of equalization are, in fact, fifty per cent of the true market value of respondent's properties. Conceding this to be true, the board, in equalizing the assessments, must be governed by the constitutional rule of uniformity and equality. If the assessment is higher than that of property of like character and similar in situation, the assessment cannot be sustained, even though it be based on the true market value of the property. If the basis of valuation is the true market value of the property, then that basis must be applied to all alike. If the basis is a certain per cent of the true market value, the same percentage must be applied to all alike. *Greene v. Louisville & Interurban R. Co.*, 244 U. S. 499, 37 S. Ct. 673, Ann. Cas. 1917E 88; *State ex rel. Oregon R. & N. Co. v. Clausen*, 63 Wash. 535, 116 Pac. 7; *Savage v. Pierce County*, 68 Wash. 623, 123 Pac. 1088; *Spokane & Eastern Trust Co. v. Spokane County*, 70 Wash. 48, 126 Pac. 54, Ann. Cas. 1914B 641; *Yakima Valley Bank & Trust Co. v. Yakima County*, 149 Wash. 552, 271 Pac. 820.

Justification for the raised valuations is sought also on the theory that the real estate, buildings and operating property of respondent constitute an operating unit, and should be assessed as such. In this connection, it is contended that the state tax commission finds no authority in law for assessing the whole of respondent's operating properties and allocating to

the different counties amounts for assessment in accordance with the value of the operating property in the respective counties.

We do not find it necessary in this case to determine what the powers of the state tax commission are in that respect. We are here concerned only with the power of the county board of equalization to raise the assessed value in the manner it did. Has it the power to take the entire property—real (comprising numerous different parcels), personal and operating—of a particular individual and fix the valuation in one lump sum? In answering the question, it must be borne in mind that, while the state's power of taxation is plenary, that of its subdivisions is strictly limited within the legislative grant of power to assess and levy taxes.

It seems to us that the contention that the state tax commission has no power to fix the valuation of respondent's operating property as a whole applies with even greater force to the assumed power of the county board of equalization to do so. For the valuation of $24,133,000 placed upon respondent's property in King county as an operating unit presupposes power in the county board to determine the value of respondent's operating property as a whole throughout the state. If the unit valuation method is to be applied, then the land, exchanges and operating properties in every other county in the state must be considered and valued as a part of the whole. This would of necessity require the assessor and board of equalization to determine valuations of real property in all the counties in which respondent operates. For it must be kept in mind that the assessment here sought to be sustained is based on a lump sum valuation upon all of respondent's property of every kind and character.

If the power of the board of equalization of King county should be sustained in this case, a like power

must be accorded to the board of equalization in every other county in which respondent operates. The conflict, confusion and inequality that would result from an attempted application of the unit value by all county assessors is too obvious for discussion. We find no express authority in the statute for the application, by county assessors or by county boards of equalization, of such a method of fixing valuations for assessment purposes. Certainly none can be implied.

The method of valuation attempted here is completely out of harmony with the fundamental theory of assessment, as set out in our statutes and decisions. The county assessing officers have no jurisdiction to assess either personalty or realty outside their own counties. Rem. Rev. Stat., §§ 11120, 11125, 11137. Beginning with chapter 78, Laws of 1907, p. 132, the inadequacy of county assessment machinery has been recognized with respect to public service companies operating in several counties. In the assessment of real estate, the statute (Rem. Rev. Stat., § 11137) provides: "The assessor shall list all real property according to the largest legal subdivision as near as practicable." This does not imply any power in the assessor or board of equalization to assess several parcels of property under a lump sum valuation. On the contrary, the implication is quite the opposite. *Lockwood v. Roys,* 11 Wash. 697, 40 Pac. 346; *In re Westlake Avenue,* 40 Wash. 144, 82 Pac. 279. In the former case it is said:

"While there is some conflict of authority on this proposition, and while the rule is more liberal, so far as the action of assessors is concerned in not holding assessments void where mere technical omissions are made, than it was a few years ago, yet we think the overwhelming weight of authority both ancient and modern, is to the effect that a separate valuation of distinct parcels of land, when required by the statute,

is made for the benefit of the owner and involves a substantial right, and that when he is deprived of such substantial right the assessment is invalid and void.''

The assessed valuation of respondent's property fixed by the board of equalization, based as it is on a lump sum valuation of all of respondent's properties, is without authority of law, and is therefore illegal and void.

Judgment affirmed.

BEALS, C. J., GERAGHTY, HOLCOMB, and STEINERT, JJ., concur.

