[No. 61256-1.    En Banc.    November 22, 1994.]

INTER ISLAND TELEPHONE COMPANY, INC., *Respondent*,
v. SAN JUAN COUNTY, *Appellant*.

*Fredrick C. Canovar, Jr., Prosecuting Attorney*, and *Cameron G. Comfort* and *James P. Richmond, Special Deputies*, for appellant.

*Stoel Rives Boley Jones & Grey*, by *William C. Severson* and *Norman J. Bruns*, for respondent.

BRACHTENBACH, J. — Inter Island Telephone Company, Inc., is a regulated local exchange telephone company. It owns property and operates only within San Juan County. Over 90 percent of its operating property is personal; taxation of real property is not at issue.

Inter Island brought suit for a refund of personal property taxes. In a well-reasoned decision the trial court held that the County's method of assessing Inter Island's personal property was systematically discriminatory in violation of the uniformity requirement of Const. art. 7, § 1 (amend. 81). Partial summary judgment ordered a reassessment for assessment years 1989 to 1992 and granted an appropriate refund. We affirm.

To analyze the main issue, we first review the statutory scheme for taxation of the operating properties of utilities. RCW 84.12 relates to the assessment and taxation of public utilities. The chapter applies to a broad category, including railroads, transportation companies, electric light and power entities, and gas and telephone companies. Former RCW 84.12.200(15).

The Department of Revenue annually makes an assessment of the operating properties of specified companies, including determination of the true cash value of all operating property, real and personal. RCW 84.12.270.

This dispute arises from RCW 84.12.350:

> Upon determination by the department of revenue of the true and correct actual cash value of the property appearing on such rolls it shall apportion such value to the respective counties entitled thereto, as hereinafter provided, and shall determine the equalized assessed valuation of such property in each such county and in the several taxing districts therein, by applying to such actual apportioned value the same ratio as the ratio of assessed to actual value of the general property in such county . . ..

The Department of Revenue directly assesses utilities which operate in multiple counties, but utilities which operate in a single county are assessed by the county assessor. In fact, the Department of Revenue made the valuations for Inter Island's property using the same methodology it uses

for intercounty property. Valuation by the Department of Revenue is authorized by RCW 84.41.060. While the valuation is advisory only, RCW 84.41.110, the San Juan County Assessor applied the values set by the Department of Revenue.

In the relevant years in San Juan County the average assessment level for personal property was 22 percent to 36 percent below fair market value. Inter Island's assessments were not equalized to the average assessment level for other personal property in the county. Rather, its personal property was valued at 100 percent of fair value. Therefore, its property was assessed at rates significantly higher than those of intercounty utilities, including five other telecommunications companies operating in the county, and higher than other locally assessed personal property county taxpayers.

We note that 99.4 percent of the operating properties of all utilities is equalized pursuant to RCW 84.12.350. The figures for the taxable year 1992 illustrate the result of nonequalization. The Department of Revenue's valuation, accepted and applied by the assessor, was $14,734,450, resulting in a tax of $137,081.98. The equalized value was $9,430,048 with a tax of $87,732.47. Thus, Inter Island paid $49,349.51 more tax than it would have had it been an intercounty utility operating in San Juan County, or a local taxpayer reporting personal property values.

Our constitution provides in relevant part:

> All taxes shall be uniform upon the same class of property within the territorial limits of the authority levying the tax and shall be levied and collected for public purposes only. The word "property" as used herein shall mean and include everything, whether tangible or intangible, subject to ownership. All real estate shall constitute one class . . ..

Const. art. 7, § 1 (amend. 81).

■ We have held consistently tax uniformity is "the highest and most important of all requirements applicable to taxation under our system". *Savage v. Pierce Cy.*, 68 Wash. 623, 625, 123 P. 1088 (1912); *Boeing Co. v. King Cy.*, 75 Wn.2d 160, 165, 449 P.2d 404 (1969).

■ The fundamental requirement of uniformity controls even though a particular property in fact is valued at its true market value. "If the basis of valuation is the true market value of the property, then that basis must be applied to all alike. If the basis is a certain per cent of the true market value, the same percentage must be applied to all alike." *Pacific Tel. & Tel. Co. v. Wooster*, 178 Wash. 180, 184, 34 P.2d 451 (1934). We have described uniformity to be more "insistent" than valuation at true and fair value. *Burlington N., Inc. v. Johnston*, 89 Wn.2d 321, 334, 572 P.2d 1085 (1977).

The County's principal defense is that intracounty and intercounty utilities are separate classes and therefore can be treated differently. It contends this distinction is mandated by *Northwestern Imp. Co. v. Henneford*, 184 Wash. 502, 51 P.2d 1083 (1935). That case held the Tax Commission (predecessor to the Department of Revenue) did not have authority to value and assess wholly intracounty utility property. It relied on *State ex rel. State Tax Comm'n v. Redd*, 166 Wash. 132, 6 P.2d 619 (1932), concluding such taxing power over taxes for local purposes would violate Const. art. 11, § 12.

Northwestern did not concern classification of property as the County argues. Rather it involved only *who* could assess property, not *how* it was to be assessed. We need not decide whether the holding in *Northwestern* remains the law in view of the holding in *Carkonen v. Williams*, 76 Wn.2d 617, 625, 458 P.2d 280 (1969) which modified *Redd; Carkonen* does not decide the issue herein.

■ More relevant and controlling is *Grays Harbor Pac. R.R. v. Grays Harbor Cy.*, 188 Wash. 484, 62 P.2d 1347 (1936). There the Tax Commission's valuation of a railroad's property was found to be grossly excessive and disproportionate to valuations of like properties assessed by two county assessors. The Counties argued, as does San Juan County, that the inequality was justified "because respondents' properties were in the *jurisdiction* of the tax commis-

sion and the other properties were in the *jurisdiction* of the county assessors". *Grays Harbor Cy.*, at 489. The court held:

> The fact that two different taxing agencies of the state are called upon to fix valuations, under certain circumstances, of properties of like character in the same taxing district, does not justify one agency in fixing valuations grossly disproportionate to valuations fixed by the other. To hold otherwise would be subversive of the fundamental theory of equality in taxation.

*Grays Harbor Cy.*, at 489-90.

From that holding it necessarily follows that a separate class of property for uniformity purposes does not exist merely because property of like character may be within the valuation jurisdiction of a separate entity. We need not decide whether intracounty and intercounty utilities constitute one class because the County's basis for separate classes fails when *Northwestern Imp. Co. v. Henneford, supra,* is interpreted correctly.

Also, we note that the County's argument that RCW 84.12.350 creates a separate class of property might well render the statute unconstitutional, at least when applied to real property, because under Const. art. 7, § 1 (amend. 81), all real property constitutes one class.

In summary, classification for purposes of jurisdiction over valuation does not permit violation of the constitutional requirement of uniformity.

As a separate issue, the County argues that Inter Island should be required to prove the County "arbitrarily, capriciously or intentionally discriminated against its property compared to other property in the same class." Br. of Appellants, at 37. It cites *Sator v. Department of Rev.*, 89 Wn.2d 338, 572 P.2d 1094 (1977) and *Morrison v. Rutherford,* 83 Wn.2d 153, 516 P.2d 1036 (1973). Those cases involved the unique problems of cyclical valuations. As noted in *Sator,* there was a group of cases regarding those particular problems. *Sator,* at 341-42.

We have recognized that absolute uniformity is not required. *Sator,* at 344. However, this generalization does not permit assessments at 100 percent of value when other per-

sonal property was assessed at 22 percent to 36 percent below value.

RCW 84.40.0301(1) provides:

> Upon review by any court, or appellate body, of a determination of the valuation of property for purposes of taxation, it shall be presumed that the determination of the public official charged with the duty of establishing such value is correct but this presumption shall not be a defense against *any* correction indicated by clear, cogent and convincing evidence.

Inter Island Telephone Company, Inc., met its burden by the assessor's own records.

Judgment affirmed.

ANDERSEN, C.J., and UTTER, DOLLIVER, DURHAM, SMITH, GUY, JOHNSON, and MADSEN, JJ., concur.