*87 Lawrence-Berrey, J.
¶1 The city of Spokane (City) enacted Ordinance C-35231 (Ordinance) for the laudable purpose of providing some of its disadvantaged citizens with a property tax exemption. The Spokane County assessor and treasurer (collectively County) refused to implement the Ordinance due to their belief it exceeded the City’s statutory and constitutional authority. The Department of Revenue (DOR), also believing the Ordinance exceeded the City’s statutory and constitutional authority, issued a directive to the county assessor not to implement the Ordinance.
¶2 In response, the City filed a complaint for a writ of mandamus to compel the County to implement the Ordinance. The trial court issued a writ of mandamus compelling the County to implement the Ordinance, in addition to related orders. The County and DOR appeal.
¶3 We conclude the Ordinance is unconstitutional because it violates article VII, section 9 of the Washington Constitution, which requires all municipal property taxes to be uniform in respect to persons and property. We, therefore, reverse the trial court’s writ of mandamus and vacate its orders relating thereto.
FACTS
¶4 In November 2014, the voters in the City approved a property tax “levy lid lift” for the improvement of streets throughout the City. Clerk’s Papers (CP) at 26. A levy lid lift is a mechanism by which a city can assess a higher levy rate than otherwise would be permitted. The new levy was not intended to create any new tax burdens, and the City represented as much to the voters when it put forth the proposal. Prior to placing the levy on the ballot, the City conferred with the Spokane County Assessor’s Office, which *88 assured it that the levy would not result in any increased tax burdens. But, in January 2015, the assessor’s office informed the City that the new levy would in fact result in an increase in property taxes for seniors and disabled persons, a total of approximately 5,000 people.
¶5 The City first attempted to work with the assessor’s office to resolve this issue. The assessor’s office sought advice from DOR, and involved DOR in the discussions with the City. When it became apparent the discussions were futile, the City enacted its own fix and, on February 9,2015, passed the Ordinance.
¶6 The Ordinance is a property tax exemption for specific citizens living in the City—low income seniors, persons with permanent disabilities, and disabled veterans. After the City passed the Ordinance, the assessor’s office sought advice from DOR as to whether the Ordinance was constitutional and within the City’s taxing authority. Before a reply was received from DOR, the assessor’s office prepared property tax assessment statements that did not apply the exemption granted by the Ordinance. The assessor’s office informed the City it planned to mail the assessments without applying the exemption. The City requested that the assessor’s office refrain from mailing the assessments without applying the exemption. The assessor’s office replied that it could not do so until it received a response from DOR about the validity of the Ordinance. In response, the City filed a complaint seeking to enjoin the assessor’s office from mailing any property tax assessments that did not apply the Ordinance. The Spokane County Superior Court granted the City’s request and barred the assessor’s office, via temporary restraining order, from mailing the property tax assessments until it received a response from DOR.
¶7 DOR responded to the inquiry from the assessor’s office a few days later. DOR’s letter stated its opinion that the Ordinance “creates an exemption that is not authorized under state law, [and] it should not be implemented.” CP at 125. DOR informed the City that its letter was not binding *89 on the assessor and it was ultimately the assessor’s decision whether the Ordinance should be implemented. Eventually, the City filed an amended complaint seeking a writ of mandamus to compel the County to implement the Ordinance.
¶8 The County answered the City’s amended complaint and also asserted that a writ of mandamus was not appropriate. The County’s answer also named DOR as a necessary party and sought to join DOR. DOR filed a memorandum opposing the County’s joinder motion. The City replied to DOR’s memorandum and to the County’s answer. The trial court held a hearing on April 2, 2015, and issued a decision later that month.
¶9 The trial court issued a writ of mandamus, held that the Ordinance was constitutional, ordered DOR’s letter to the contrary annulled, ordered the County to implement the Ordinance in accordance with the writ of mandamus, stated that the order was a final judgment, and directed the City to present a motion in support of its request for damages and costs within 30 days.
¶10 The parties asked the trial court to clarify whether it joined DOR as a party to the case. The trial court entered an order adding DOR as a party, but for purposes of appeal only. The County and DOR timely appealed.
ANALYSIS
 ¶ 11 DOR argues the Ordinance is unconstitutional. Specifically, DOR argues the Ordinance violates Washington Constitution article VII, section 9, which requires all municipal property taxes to be uniform in respect to persons and property. If the Ordinance is unconstitutional, we need not reach the issues raised by the County concerning whether the remedy of writ of mandamus was inappropriate. See Caffall Bros. Forest Prods. v. State, 79 Wn.2d 223, 229, 484 P.2d 912 (1971) (“Mandamus will not lie to compel an illegal action.”). Because constitutional *90 challenges are questions of law, our review is de novo. Amunrud v. Bd. of Appeals, 158 Wn.2d 208, 215, 143 P.3d 571 (2006).
¶12 To answer whether the Ordinance is constitutional, we first examine Washington Constitution article VII, sections 1, 9, and 10.[1] We quote the pertinent portions of those sections below, and italicize phrases of particular significance to our decision:
SECTION 1 TAXATION. ... All taxes shall be uniform upon the same class of property within the territorial limits of the authority levying the tax ....

SECTION 9 SPECIAL ASSESSMENTS OR TAXATION FOR LOCAL IMPROVEMENTS. The legislature may vest the corporate authorities of cities . . . with power to make local improvements by special assessment, or by special taxation of property benefited. For all corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes and such taxes shall he uniform in respect to persons and property within the jurisdiction of the body levying the same.
SECTION 10 RETIRED PERSONS PROPERTY TAX EXEMPTION. Notwithstanding the provisions of Article 7, section 1 (Amendment 14) and Article 7, section 2[2] (Amendment 17), the following tax exemption shall be allowed as to real property:
The legislature shall have the power, by appropriate legislation, to grant to retired property owners relief from the property tax on the real property occupied as a residence by those owners.
Const, art. VII (emphasis added).
¶13 Section l’s emphasis on uniformity of taxes is “ ‘the highest and most important of all requirements applicable to taxation under our system’.” Inter Island Tel. Co. v. San Juan County, 125 Wn.2d 332, 334, 883 P.2d 1380 *91 (1994) (quoting Savage v. Pierce County, 68 Wash. 623, 625, 123 P. 1088 (1912)). “Tax uniformity requires both an equal tax rate and equality in valuing the property taxed.” Belas v. Kiga, 135 Wn.2d 913, 923, 959 P.2d 1037 (1998). “If equality is lacking in either area of tax spectrum (i.e. either the rate of taxation or the assessment ratio), there will be a lack of uniformity in the tax burden.” Boeing Co. v. King County, 75 Wn.2d 160, 165, 449 P.2d 404 (1969).[3]
¶14 DOR argues the Ordinance violates section 9’s uniformity requirement by applying two different regular property tax rates to real property in the City and by creating different assessment ratios between real property owned by its exempted citizens and real property not owned by its exempted citizens. The City does not dispute DOR’s arguments that its property tax exemption creates nonuniformity.
¶15 Instead, the City responds by mischaracterizing DOR’s argument. The City responds that section l’s uniformity requirement is superseded to the extent section 10 allows nonuniform rates for residential property owned by retired persons. The City’s response fails to address DOR’s actual argument, which relates to section 9, not section 1. The City’s response also fails to justify the Ordinance to the *92 extent it exempts persons beyond retired persons, the group designated in section 10.
¶16 Section 10’s prefatory language makes clear that it supersedes section 1. Therefore, section 10 allows the legislature itself to impose nonuniform taxes on residential property owned by retired persons. Section 10’s prefatory language, however, does not expressly supersede section 9, the section that permits the legislature to vest corporate authorities with the power to assess and tax local improvements. Unless section 10 can be construed as impliedly superseding section 9’s uniformity requirement, municipal corporations have no authority to impose nonuniform property taxes.
¶17 The City argues section 10 grants the legislature authority to confer on municipal corporations the exemption expressed in that section. The City does not cite any authority for its argument. In fact, section 10 contradicts the City’s argument. Section 10 states, “The legislature shall have the power ... to grant to retired property owners relief from the property tax on the real property occupied as a residence by those owners.” (Emphasis added.) This clear language is not susceptible to allowing the legislature to “confer” section 10’s authority on municipal corporations.
 ¶18 Finally, the City argues that the legislature, by enacting RCW 35A.11.020, gave code cities plenary power to assess and collect taxes, which includes enacting exemptions. We agree with DOR’s twofold response: First, section 9 prohibits municipalities from assessing and collecting nonuniform taxes, and the legislature cannot accomplish by statute what the Washington Constitution prohibits. See State ex rel. Distilled Spirits Inst., Inc. v. Kinnear, 80 Wn.2d 175, 180, 492 P.2d 1012 (1972) (the legislature has unrestrained power to enact reasonable laws except where prohibited by the Washington Constitution). Second, the legislature explicitly qualified RCW 35A.11.020 with the caveat “[w]ithin constitutional limitations.”
*93 ¶19 We conclude the Ordinance is unconstitutional because it violates the uniformity requirement of article VII, section 9 of the Washington Constitution. We reverse the trial court’s writ of mandamus and vacate all orders relating thereto.
Korsmo, J., concurs.

 We shorten future references to sections 1, 9, and 10 by omitting article VII.

 Article VII, section 2 sets a limit on tax levies for real and personal property.

 The dissent cites Town of Tekoa v. Reilly, 47 Wash. 202, 91 P. 769 (1907) for the propositions that a municipality may enact reasonable property tax exemptions and that strict uniformity of taxes is neither possible nor required under our constitution. We disagree that Reilly requires us to affirm the City’s Ordinance.
First, Reilly involved a poll tax, not a property tax. Historically, these two types of taxes have been treated differently. See Alfred E. Harsch & George A. Shipman, The Constitutional Aspects of Washington’s Fiscal Crisis, 33 Wash. L. Rev. 225, 263-64 (1958).
Second, in Reilly, the legislature expressly authorized towns such as Tekoa to enact the poll tax enacted by the town. Here, neither section 10 nor the legislature expressly authorized cities to enact their own property tax exemptions. Moreover, the exemptions enacted by the City are broader than section 10 permits even the legislature to enact.
Third, modem Washington jurispmdence has emphasized the importance of strict uniformity of property taxes. So, to the extent Reilly might be applied broadly to property taxes, Reilly conflicts with modern jurisprudence and has been overruled sub silentio. Accordingly, we must follow modem precedent. Matsyuk v. State Farm Fire & Cas. Co., 173 Wn.2d 643, 659, 272 P.3d 802 (2012).